### HERMAN MARKS *v.* THE CONGREGATION DARUCH AMUNO.

Two members of a religious congregation sent a letter to the trustees, stating that they resigned their membership *until* a new reader should be elected: *Held,* that this was not a resignation, but an attempt to create a suspension of their membership until the happening of a certain event, when they should have the right to resume it, and that as there was no provision in the by-laws authorizing such a suspension, that they continued members, and were liable under the by-laws to the payment of dues.

APPEAL by defendants from the Eighth Judicial District Court.

The action was brought against the defendants, who are a religious corporation, to recover the amount of certain scrip issued by the corporation to the plaintiff and his brother, which was then due and payable. The defendants set up by way of counter-claim $121 22 for dues owing by the plaintiff and his brother as members of the congregation under the by-laws. The plaintiff claimed that he and his brother were not, during

the period for which the dues were charged, members of the congregation, and showed that on the 24th of August, 1868, he and his brother sent the following letter to defendants :

"We, the undersigned, hereby resign our membership in the Congregation 'Daruch Amuno' *until* another reader of the said congregation is elected.

"New York, Aug. 24th, 1868.

"(Signed,)

"H. MARKS,
"M. MARKS."

The congregation, at a stated meeting of the Board of Trustees, refused to accept this resignation, and notified plaintiff and his brother of the fact.   Plaintiff and his brother attended a meeting of the congregation, as members, after having forwarded this letter; paid their dues for the quarter beginning September, 1868, and some time between the last week in September and the first week in October, 1868, they voted for a reader of the congregation.   According to the by-laws, a member in arrears could not vote, and the congregation would not permit plaintiff and his brother to vote until they had paid their dues.   The defendants claimed that plaintiff and his brother were still members of the congregation, and at the commencement of the action they were indebted to the defendants in the amount stated for their dues.   It further appeared that notices of the various meetings held by the congregation were regularly sent by the defendant to the plaintiff and his brother, up to the time of commencing this action.

The justice rejected the counter-claim, and gave judgment in favor of the plaintiff for the amount of the scrip.

*A. L. Sanger*, for appellants.

The plaintiff, at the time of commencing this action, was still a member of the congregation.

1. The alleged resignation is neither certain nor absolute. It must be absolute (*Lewis* v. *Oliver*, 4 Abb. Pr. 121, 124.) It is a conditional, temporary withdrawal, and the condition

seems to have been fulfilled between the last week in September and the first week in October, 1868.

2. There must be an *actual resignation* of a member and its *acceptance* by the congregation (*State* v. *Ancker*, 2 Rich. S. C. Law R. 245, 276; *King* v. *Tidderley*, 1 Siderf. 14; *People ex rel. Hanrahan* v. *The Metropolitan Board of Police*, 26 N. Y. 327, *et seq.*; 1 Black. Com. 484 [Sharswood and notes]; 4 Devereux N. C. 1; Grant on Corporations, 225, 267, 268; Wilcox on Corporations, 238, §§ 609, 611, 612; 26 N. Y. 329.)

3. Resignation rests upon *agreement*, and there must be some act on the part of the congregation to *complete* the resignation. It is necessary that they manifest in some way their *acceptance* of the *offer to resign*. (*People ex rel. Hanrahan* v. *Metropolitan Board of Police*, 26 N. Y. 328; see authorities cited in foregoing section; Angell and Ames on Corporations, § 433.) The right to accept a resignation is a power incident to every corporation (*Rex* v. *Leve*, 2 Ld. Raym. 1304; *Jenning's Case*, 1 Ld. Raym. 563).

3a. The resignation to be effective must be accepted (31 N. Y. 107; *Van Ordsall* v. *Harris*, 3 Hill, 247; *Lewis* v. *Oliver*, 4 Abb. Pr. 121).

*L. Levy*, for respondents.

J. F. DALY, J.—I think the judgment should be reversed, on the ground that the justice should have allowed the counterclaim of the congregation against the plaintiffs for dues, and set it off against his claim on the two notes. The obligation of the plaintiff, under the by-laws, to pay dues was sworn to by the witness Oettinger, and no objection was made that the by-laws were not produced; there was no resignation from the congregation by the plaintiff. The paper he sent as a resignation was intended evidently to be a sort of suspension of membership until the election of a new "reader."

No authority in the by-laws is shown for such a suspension; under that paper the plaintiff and his brother evidently meant to reassume their rights as members upon the happening of the

contingency set forth in it, without being compelled to go through the form of a re-election as members. It was therefore not a resignation. The judgment should be reversed.

VAN BRUNT, J., concurred.

LARREMORE, J., dissented.

Judgment reversed.